AFFIRM; Opinion issued October 30, 2012



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

## No. 05-11-00300-CR

### JUAN CRISTOBAL SEGHELMEBLE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause No. F08-45417-J

# OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice FitzGerald

A jury convicted appellant Juan Cristobal Seghelmeble of murder, and the trial judge sentenced him to life in prison. On appeal, appellant raises two issues. First, he contends that a jury's finding that he was competent to stand trial was against the great weight and preponderance of the evidence. Second, he contends that the trial court erred by denying his motion for continuance. The State raises one cross-issue concerning alleged jury-charge error. We affirm.

## I. BACKGROUND

In October 2008, appellant was indicted for the murder of Gladys Reyes. The trial judge held a competency hearing in November 2008, found that appellant was not competent to stand trial, and orally ordered that appellant be committed to a state hospital for up to 120 days. The judge held

another competency hearing in July 2009. Dr. Michael Pittman testified at that hearing that appellant suffers from chronic paranoid schizophrenia, that appellant was not competent to stand trial, and that Dr. Pittman did not believe appellant would become competent to stand trial in the foreseeable future. The judge orally found that appellant was not competent to stand trial and ordered that he be committed to a state hospital for up to 12 months. After another hearing in April 2010, the judge again orally ordered that appellant be committed to a state hospital for up to 12 months.

On February 14, 2011, the trial judge signed an order in which she determined that appellant was competent to stand trial. That same day, a jury was selected, and appellant pleaded guilty. The jury proceeded to find appellant guilty. The judge instructed the jury to return the next day for the punishment phase of the trial. The next morning, outside the presence of the jury, Dr. Pittman appeared and testified that he had spoken to appellant that morning, and that in his opinion appellant was not competent to stand trial. The State orally moved to continue the case so that another doctor could be found to evaluate appellant. Appellant's counsel opposed the motion and moved for a mistrial on the basis of appellant's current incompetency. The judge granted a 24-hour continuance. The next day, February 16, the judge held a hearing outside the presence of the jury, and the State called Dr. Kristi Compton to testify. Dr. Compton testified that she had evaluated appellant the previous afternoon, and she opined that he was competent to stand trial. After Dr. Compton's testimony, appellant's counsel again moved for a mistrial. The trial judge granted the motion and dismissed the jury.

On February 18, the trial judge conducted a jury trial on appellant's competency. Dr. Pittman and Dr. Compton testified at the competency trial. The jury found that appellant was competent to stand trial. A few days later, on February 22, appellant filed a motion for continuance in which his attorney averred that she continued to have concerns about appellant's ability to remain competent

-2-

throughout the trial. She also stated that appellant's expert witness would be available to testify only on February 24. The trial judge denied the motion for continuance and called the case for trial that same day, February 22. Appellant pleaded not guilty. The jury found appellant guilty. The issue of punishment was tried to the court, and the judge sentenced appellant to life in prison.

Appellant's motion for new trial was overruled, and this appeal followed.

## II. COMPETENCY TO STAND TRIAL

In his first issue on appeal, appellant challenges the sufficiency of the evidence to support the jury finding that he was competent to stand trial.

### A. Applicable law and standard of review

"A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). A person is incompetent to stand trial if he or she lacks either "(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (b) a rational as well as factual understanding of the proceedings against the person." *Id.* art. 46B.003(a)(1)–(2). "A defendant's competency to stand trial is a question of fact to be determined by the competency jury." *Morris v. State*, 301 S.W.3d 281, 287 (Tex. Crim. App. 2009).

The parties disagree as to the proper standard of review. Relying on *Meraz v. State*, 785 S.W.2d 146 (Tex. Crim. App. 1990), appellant argues that the standard of review is factual sufficiency of the evidence. That is, when a jury has rejected a defendant's claim that he is incompetent to stand trial, our standard of review is to determine whether the jury's finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Id.* at 155; *accord Morris*, 301 S.W.3d at 292 n.35. The State disagrees, arguing that the court of criminal

appeals' opinion in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) (plurality op.), indicates that a legal-sufficiency standard of review is more appropriate for reviewing competency determinations.

We conclude that appellant is correct and factual sufficiency is the proper standard of review. We recently considered the effect of *Brooks* in *Johnson v. State*, No. 05-09-00133-CR, 2010 WL 5142392 (Tex. App.—Dallas Dec. 20, 2010, pet. ref'd) (not designated for publication). We noted that *Brooks* did not overrule *Meraz*. *Id.*, 2010 WL 5142392, at *6. We also quoted Judge Cochran's concurring opinion in *Brooks* in which she explained that the *Meraz* factual-sufficiency standard is still the proper standard for reviewing issues, such as affirmative defenses, on which the defendant bears the burden of proof by a preponderance of the evidence:

> What this Court did in *Clewis* was adopt the language of Texas civil factual sufficiency review without first determining whether there was a proper fit between those civil standards of review and the differing evidentiary standards of proof in civil and criminal cases. This mistake was quite understandable when *Clewis* was decided in 1996 because this Court had recently and properly adopted the Texas civil standards of legal and factual sufficiency for those few instances in criminal cases in which the burden of proof is a preponderance of the evidence, as occurs with affirmative defenses.

*Brooks*, 323 S.W.3d at 924 (Cochran, J., concurring) (footnote omitted). Thus, in *Johnson* we held that *Meraz* is "still good law," and we applied the factual-sufficiency standard of review to the jury's rejection of the appellant's affirmative defense of duress. *Johnson*, 2010 WL 5142392, at *6–7.

We adhere to our analysis in *Johnson* and hold that the factual-sufficiency standard of review explained in *Meraz* governs our review of the jury's competency determination. Under this standard, we consider all of the evidence relevant to the issue and reverse if the judgment is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. *Morris*, 301 S.W.3d at 292 n.35; *Meraz*, 785 S.W.2d at 155. We note that, even under a factual-sufficiency standard of

review, we must give due deference to the jury's determinations and acknowledge that the jury is in a better position to evaluate the credibility of the witnesses. *See Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006); *accord Johnson*, 2010 WL 5142392, at *7.

**B.     Application of the law to the facts**

As previously noted, two experts testified at appellant's competency trial. Dr. Pittman testified that he had seen and evaluated appellant three days before the competency trial and that in his opinion appellant was not competent at that time. He also testified to his current opinion that appellant was incompetent to stand trial. Dr. Compton testified that she had also seen and evaluated appellant three days earlier. She testified that appellant met the criteria for competency at the time of the competency trial.

Appellant argues that the evidence supports several facts that would tend to make Dr. Pittman's opinion more credible than Dr. Compton's. Dr. Pittman is a psychiatrist with about 20 years of experience in evaluating criminal defendants for competency to stand trial and also in evaluating insanity defenses. Dr. Compton, by contrast, is a psychologist with about 12 years of experience in evaluating criminal defendants and treating people with mental illness. Appellant points out that Dr. Pittman had seen appellant about seven or eight times over an extended period of time and that he had prepared four reports about appellant's competency. From her testimony, it appeared that Dr. Compton met with and evaluated appellant only once, three days before trial. Moreover, both witnesses testified that appellant was suffering from schizophrenia, and Dr. Compton testified that appellant's mental illness was severe. Dr. Pittman testified that appellant was incoherent when he evaluated him three days before the competency trial, that appellant had illusions and hallucinations, and that appellant's symptoms were such that they would interfere with his attorney's ability to conduct an effective defense.

Considering all the evidence, we conclude that the jury's refusal to find that appellant was incompetent was not so against the great weight and preponderance of the evidence as to be manifestly unjust. Dr. Compton examined and evaluated appellant, and she testified that he was competent to stand trial. She supported her opinion with rational reasons, such as the fact that appellant had communicated with her "relevantly and coherently" during a 90-minute interview three days earlier. She also testified that appellant was able to tell her what had happened in his criminal case before she evaluated him, that appellant understood his hallucinations were part of his mental illness, and that he was able to talk about his defense strategy and how he was going to assist his attorney. Given Dr. Compton's testimony, the jury's refusal to find appellant incompetent to stand trial was not against the great weight and preponderance of the evidence, nor was it manifestly unjust.

We reject appellant's first issue on appeal.

### III. CONTINUANCE

In his second issue on appeal, appellant argues that the denial of his motion for continuance violated various constitutional and statutory rights.

### A. Standard of review

"The granting or denying of a motion for continuance is within the sound discretion of the trial court." *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

### B. Relevant facts

On February 18, 2011, a jury found appellant competent to stand trial. On the morning of

February 22, appellant's counsel filed a motion for continuance. Counsel raised two points in that motion. She averred that she "continue[d] to have concerns about the defendant's ability to remain competent throughout trial," and she averred that appellant's expert witness was available to testify only on February 24. The trial judge heard the motion that same day, before the trial commenced. Appellant's counsel put on no evidence in support of the motion for continuance, but she did state that she continued to have "concerns and doubts" about appellant's competency. The trial judge denied the motion for continuance.

## C.      Application of the law to the facts

In his appellate brief, appellant relies solely on his alleged lack of competency as the basis for his contention that he was entitled to a continuance. He contends that his incompetency rendered him functionally absent from the trial, and based on this premise he argues that the judge's decision to proceed with the trial violated (1) his due-process rights under the Fifth and Fourteenth Amendments to the United States Constitution, (2) his rights under article I, sections 13 and 19 of the Texas Constitution, (3) his rights under articles 1.04 and 33.03 of the Texas Code of Criminal Procedure, and (4) his right of confrontation under the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 10 of the Texas Constitution. But appellant did not make these arguments in the trial court, so we cannot consider them now. *See Brown v. State*, 333 S.W.3d 606, 614 (Tex. App.—Dallas 2009, no pet.) ("Because appellant's complaint on appeal does not comport with his objection below, he has waived this issue."); *see also Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement on appeal." (footnote omitted)).

The only overlap between appellant's motion for continuance and his argument on appeal is his reliance on his alleged incompetency to stand trial. But a jury refused to find him incompetent

only a few days before trial, and appellant offered no evidence of a change of circumstances to justify a delay for a second inquiry into his competency. To justify a postponement of the trial for another competency hearing, appellant needed to offer new evidence of a change in his mental condition after the prior competency hearing. *See Learning v. State*, 227 S.W.3d 245, 250–51 (Tex. App.—San Antonio 2007, no pet.); *Clark v. State*, 47 S.W.3d 211, 218 (Tex. App.—Beaumont 2001, no pet.); *Miles v. State*, 688 S.W.2d 219, 224 (Tex. App.—El Paso 1985, pet. ref'd). He did not do so. To the extent appellant argues in his second issue that he had become incompetent to stand trial, we reject his position.

The trial judge did not abuse her discretion by denying appellant's motion for continuance.

## IV. CROSS-ISSUE BY THE STATE

The State asks us to review an alleged jury-charge error. During trial, the trial judge admitted into evidence a video of an interview of appellant conducted after the crime in question. The trial judge included the following instruction in the jury charge over the State's objection:

> So if you find from the evidence, or if you have a reasonable doubt thereof, that prior to the giving of the statement by the defendant, if he did give one, to Detective Perry, the defendant was mentally impaired to such extent as to render his statement not wholly voluntary, then such statement would not be freely made and voluntary and in such case, you will wholly disregard the alleged statement and not consider it for any purpose nor any evidence obtained as a result thereof.[1]

The State made two objections to this instruction. The State argued first that there was no evidence of involuntariness to warrant the instruction, and it argued in the alternative that the specific reference to mental impairment was a comment on the weight of the evidence. The State asks us to review the trial judge's rulings overruling the State's objections even if we affirm the judgment, in order to provide guidance and prevent errors in future cases.

---

[1] The jury charge has been omitted from the clerk's record. The quotation is from the judge's oral reading of the charge as transcribed in the reporter's record.

The code of criminal procedure authorizes the State to "appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment." TEX. CODE CRIM. PROC. ANN. art. 44.01(c) (West Supp. 2011). The State does not have to file a notice of appeal in order to raise cross-issues under article 44.01(c). *Pfeiffer v. State*, 363 S.W.3d 594, 603–04 (Tex. Crim. App. 2012) (disapproving, among others, our opinion in *Strong v. State*, 87 S.W.3d 206 (Tex. App.—Dallas 2002, pet. ref'd)). Thus the State's failure to file a notice of appeal does not affect our jurisdiction over its cross-issue.

Although *Pfeiffer* establishes that the State may raise cross-issues under article 44.01(c) without filing a notice of appeal, it does not authorize us to issue advisory opinions. To the contrary, the court of criminal appeals said, "Usually, courts of appeals may address the State's cross-appeal point [under article 44.01(c) of the code of criminal procedure] only if the defendant prevails on appeal and the case will be remanded for further proceedings." *Id.* at 601. When the defendant does not prevail on appeal, we may review the State's cross-issues under article 44.01(c) only if the State "is likely to benefit from resolution of its cross-points in its favor." *Id.* (internal quotations and footnote omitted). For example, the State can challenge by cross-appeal a sentence that it claims is illegal because it falls below the statutory range. *See id.* at 601 & n.36 (citing *Mizell v. State*, 119 S.W.3d 804 (Tex. Crim. App. 2003), in which the court allowed State to appeal a sentence of a $0 fine). But we cannot address a cross-issue "in which the State merely requests a directive as to language or reasoning of the lower court that does not impact the ultimate decision." *Id.* at 601 n.32. That is precisely the situation in the instant case. We are affirming appellant's conviction, and the State would not benefit in the instant case from an opinion that the trial judge erred by giving the jury instruction in question. Thus, the State seeks an advisory opinion by its cross-issue, and we cannot address it.

## V.    CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.


KERRY P. FITZGERALD
JUSTICE

Publish
TEX. R. APP. P. 47
110300F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JUAN CRISTOBAL SEGHELMEBLE, Appellant

No. 05-11-00300-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 3 of Dallas County, Texas. (Tr.Ct.No. F08-45417-J).

Opinion delivered by Justice FitzGerald, Justices O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 30, 2012.

KERRY P. FITZGERALD
JUSTICE