# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00585-CR

**Trent Kendall Stanley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 094017, HONORABLE ROBERT UPDEGROVE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Trent Kendall Stanley appeals from the trial court's denial of relief requested in his pretrial application for a writ of habeas corpus. He contends that the trial court erred by declaring a mistrial without him or his counsel present, by sua sponte declaring a mistrial based on the absence of a juror without finding manifest necessity, and by planning to conduct a trial after the mistrial in violation of the federal constitution's protections against double jeopardy. We will affirm the order denying relief.

## BACKGROUND

Appellant was charged with driving while intoxicated and pleaded not guilty. A jury was selected and sworn, and the jurors and parties left for the day. One of the jurors then called the trial court to say that she would not return because she was going to her grandmother's funeral out of state. After a series of phone calls involving trial participants, the trial court signed an order

declaring a mistrial before presentation of opening statements, testimony, or evidence. Although the order stated that appellant moved for a mistrial, the trial court later expressly found that he did not move for mistrial. The State denied seeking a mistrial. The order does not specify a basis for the mistrial such as manifest necessity or consent.

The court set a new trial date and another jury was chosen. Before the jury was sworn, the trial court held a hearing on whether double jeopardy barred that trial. Appellant later filed a pretrial application for writ of habeas corpus arguing that, because jeopardy attached when the first jury was empaneled and sworn, the impending trial was barred by protections against double jeopardy. The trial court concluded that jeopardy did not attach in the first trial and denied appellant relief.

## STANDARD OF REVIEW

An appellate court reviews a trial court's decision to grant or deny an application for writ of habeas corpus under an abuse-of-discretion standard. *Pierson v. State*, 426 S.W.3d 763, 770 (Tex. Crim. App. 2014). When raising a double-jeopardy claim on a pretrial writ of habeas corpus, the applicant bears the burden of proof under a preponderance of the evidence standard. *Ex parte Peterson*, 117 S.W.3d 804, 818 (Tex. Crim. App. 2003), *overruled in part on other grounds, Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007). Once the defendant shows he is being tried for the same offense after declaration of a mistrial to which he objected, a heavy burden shifts to the State to justify the trial court's declaration of the mistrial. *Ex parte Garza*, 337 S.W.3d 903, 909 (Tex. Crim. App. 2011). We review the application of legal standards de novo and review findings of fact, implied findings of fact, or mixed questions of fact and law with nearly complete

2

deference to the trial court's determination—especially when that decision turns on an evaluation of credibility and demeanor. *Peterson*, 117 S.W.3d at 819. We review evidence in the light most favorable to the trial court's ruling. *Id*.

## DISCUSSION

Appellant complains about three aspects of the trial court's declaration of mistrial. He contends that declaring a mistrial without anyone from the defense side present was improper, that the mistrial was not supported by necessary findings, and that it precluded future prosecution.

**The declaration of mistrial did not violate the defendant's right to be present at trial.**

Appellant contends that the trial court's declaration of a mistrial in his absence violated his statutory right to be present at his trial.[1] *See* Tex. Code Crim. Proc. art. 33.03. Article 33.03 requires in relevant part as follows:

> In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion.

---

[1] On appeal, appellant ties the statutory right to the constitutionally-based rights to confront witnesses against him and to have his trial completed by a particular tribunal. Appellant did not raise this argument at the trial-court level and has waived it. *See Seghelmeble v. State*, 390 S.W.3d 576, 581 (Tex. App.—Dallas 2012, no pet.). Further, there were no witnesses against him involved in the mistrial process. Finally, his interest in the particular tribunal is not absolute. *See Pierson v. State*, 426 S.W.3d 763, 769-70 (Tex. Crim. App. 2014).

*Id.* The jury was selected and sworn, and appellant did not return to court. Appellant's attorney stated at the hearing on the double-jeopardy motion that he was told that a juror was absent and that, unless he agreed to proceed with five jurors, the trial court would declare a mistrial. The record indicates that, rather than contact the court, request a hearing on the issue, file an objection, or appear at the time set for trial, appellant's attorney told his staff to tell appellant that the trial was not going to occur and that he could go home to Houston. That sequence of events describes a voluntary absence by the defendant after the jury has been selected, a circumstance under which the declaration of mistrial did not violate article 33.03.

Even if there were a violation of article 33.03, we would find it harmless. Courts must determine whether the exclusion of a defendant and his counsel bears a substantial relationship to the defendant's opportunity to defend himself. *See Adanandus v. State*, 866 S.W.2d 210, 219-20 (Tex. Crim. App. 1993). Although there was no hearing before the court on the mistrial issue, appellant's counsel undisputedly knew of the circumstances and the court's perceived options. The trial court's comments indicate that it used an informal discussion process to avoid requiring appellant's counsel to travel from San Antonio to San Marcos for the formality of a hearing on the mistrial. The double-jeopardy hearing, the habeas application and hearing, and this appeal illustrate the risks inherent in that attempted courtesy. Appellant and his attorney chose not to appear at the time for trial and make a record. Appellant has not hinted at how his attendance at an actual hearing on what to do in the absence of the sixth juror would have affected the mistrial or his defense on the merits of the underlying charge. On this record, any error in the declaration of mistrial outside of appellant's presence was harmless under the standards for constitutional or "other" errors. *See* Tex. R. App. P. 44.2(a), (b).

**The court did not abuse its discretion by declaring a mistrial without an express finding of manifest necessity, and the new trial setting does not violate double-jeopardy protections.**

Appellant complains that the trial court erred by declaring the mistrial without finding it manifestly necessary. He also contends that requiring him to undergo a trial on the same charges after an improper mistrial violates constitutional provisions against double jeopardy.

Although appellant was placed in jeopardy when the jury was empaneled and sworn, a criminal defendant may be tried after a mistrial without violating double-jeopardy prohibitions if the prosecution ends prematurely under two circumstances: (1) if the criminal defendant consents to retrial or (2) if the mistrial was required by manifest necessity or it served the ends of public justice. *Pierson*, 426 S.W.3d at 769-70; *see also Illinois v. Somerville*, 410 U.S. 458, 462-63 (1973); *Schaffer v. State*, 649 S.W.2d 637, 638-39 (Tex. Crim. App. 1983). The State undisputedly seeks to try appellant for the same offense as before. Although the record could be read to support a finding that appellant consented to the mistrial, it contains no express consent from appellant or his attorney. We will assess whether there was a manifest necessity for the mistrial.

Trial courts have the discretion to declare a mistrial based on manifest necessity in extraordinary circumstances. *Ex parte Garza*, 337 S.W.3d at 909. As the court of criminal appeals wrote in *Garza*:

> That discretion is abused, we have said, whenever the trial court declares a mistrial without first considering the availability of less drastic alternatives and reasonably ruling them out. But the trial court appropriately exercises its discretion to declare a mistrial—that is to say, manifest necessity for the mistrial exists—when the particular circumstances giving rise to the declaration render it impossible to arrive at a fair verdict before the initial tribunal, when it is simply impossible to continue with trial, or when any verdict that the original tribunal might return would automatically be subject to reversal on appeal because of trial error. The trial court

5

> need not expressly articulate the basis for the mistrial on the record in order to justify it to a reviewing court, so long as manifest necessity is apparent from the record.

*Id.* (footnotes and citations contained therein omitted). The United States Supreme Court has held that states cannot require defendants to accept a jury of five persons. *See id*. at 910 (citing *Ballew v. Georgia*, 435 U.S. 223, 245 (1978)). A defendant's right to have his trial completed by a particular tribunal or jury is sometimes subordinate to the public interest in affording the prosecution one full and fair opportunity to present evidence to an impartial jury. *Pierson*, 426 S.W.3d at 770 (citing *Arizona v. Washington*, 434 U.S. 497, 505 (1978)). There are many valid reasons to discharge a jury before the conclusion of a trial and not all of them create unfairness to the accused. *Id.* (citing *Washington*, 434 U.S. at 505).

The record reveals no abuse of discretion in the trial court's declaration of a mistrial based on an implicit finding of manifest necessity. There is no hint in the record that the State requested a mistrial or was responsible for the circumstances prompting the mistrial. The trial court found without dispute that after the six-member jury was sworn and released for the day, a juror stated that she would not return due to a death in her family and "gave no idea when [she] would be available." Although jury selection had concluded, the jurors had heard no argument or evidence. The trial court considered proceeding with five jurors, but appellant's counsel later agreed in open court that he had told the prosecutor he would not proceed with fewer than six jurors. Appellant did not at the trial court and has not on appeal offered any "less drastic alternative" to mistrial. Under these circumstances, the trial court did not act irrationally or irresponsibly when it concluded that continuing with the trial was impossible and that a mistrial was manifestly necessary. *See Garza*, 337 S.W.3d at 909. We find no abuse of discretion in the declaration of the mistrial.

Because there is no abuse of discretion in the implicit finding of manifest necessity for a mistrial, the pending trial on the same charges does not violate the Constitution's protections against double jeopardy. *See Pierson*, 426 S.W.3d at 769-70.

## CONCLUSION

We affirm the denial of relief on the application for writ of habeas corpus.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Puryear and Goodwin

Affirmed

Filed:   August 14, 2015

Do Not Publish

7