

FILED
October 2, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-13-00585-CR
7156326
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/29/2015 6:53:56 PM
JEFFREY D. KYLE
CLERK

NO. 03-13-00585-CR

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/29/2015 6:53:56 PM
JEFFREY D. KYLE
Clerk

## IN THE COURT OF APPEALS

## FOR THE THIRD SUPREME JUDICIAL DISTRICT

## AUSTIN, TEXAS

| | | |
|---|---|---|
| TRENT KENDALL STANLEY | § | APPELLANT |
| | § | |
| VS. | § | |
| | § | |
| THE STATE OF TEXAS | § | APPELLEE |

## APPELLANT'S MOTION FOR REHEARING

**TO THE HONORABLE COURT OF APPEALS:**

This MOTION is filed on behalf of TRENT KENDALL STANLEY by his attorney pursuant to the Texas Rules of Appellate Procedure:

Appellant addresses this Court's opinion in the order of decision. The Court's opinion begins with a decision concerning point of error number two. The first question on the motion for rehearing, then, is whether this Court of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States. The rehearing should

1

also involve the question of whether this Court of Appeals has declared a statute, rule, regulation, or ordinance unconstitutional, or appears to have misconstrued a statute, rule, regulation, or ordinance.

First, counsel would like to have the opinion correctly to reflect under "BACKGROUND" that there is no evidence that "[a]fter a series of phone calls involving trial participants, the trial court signed an order." In fact, the trial judge stated on the record that "I don't know-I don't know how we got to that point." RR vol 5 of 6, page 4. Additionally, there is evidence presented only by defense counsel that he had a single telephone conversation with a prosecutor. There is no evidence that the conversation was communicated to the trial court, and that fact is supported by the trial court's own statement. Therefore, this Court's statement of fact on page one of the opinion is not supported by the record.

**WAIVER**

Stanley's **point of error number two** was "WHETHER THE TRIAL COURT ERRED IN DECLARING A MISTRIAL WITHOUT THE DEFENDANT OR HIS COUNSEL PRESENT." Stanley cited Article 33.03 of the Code of Criminal Procedure as authority for his right to be present at any motion for mistrial.

2

In a footnote of the Court's opinion the Court holds that Stanley's Point of error number one is waived:

> On appeal, appellant ties the statutory right to the constitutionally-based rights to confront witnesses against him and to have his trial completed by a particular tribunal. Appellant did not raise this argument at the trial-court level and has waived it. *See Seghelmeble v. State*, 390 S.W.3d 576, 581 (Tex. App.—Dallas 2012, no pet.). Further, there were no witnesses against him involved in the mistrial process. Finally, his interest in the particular tribunal is not absolute. See Pierson v. State, 426 S.W.3d 763, 769-70 (Tex. Crim. App. 2014). [Slip op. page 3]

The Court goes on to hold that a defendant's right to determine whether or not to proceed to trial with 5 or 6 jurors in his trial does not "bear a substantial relationship to the defendant's opportunity to defend himself,"[1] citing *Adanandus v. State*, 866 S.W.2d 210, 219-20 (Tex. Crim. App. 1993). In support of these holdings, the Court cites the following summation of facts:

> The jury was selected and sworn, and appellant did not return to court. Appellant's attorney stated at the hearing on the double-jeopardy motion that he was told that a juror was absent and that, unless he agreed to proceed with five jurors, the trial court would declare a mistrial. The record indicates that, rather than contact the court, request a hearing on the issue, file an objection, or appear at the time set for trial, appellant's attorney

---

[1] See, *Illinois v. Allen*, 397 U.S. 337, 338 (1970) ("One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at *every stage* of his trial.")[emphasis supplied]

3

told his staff to tell appellant that the trial was not going to occur and that he could go home to Houston. That sequence of events describes a voluntary absence by the defendant...[Slip op. page 4]

The findings of fact of the trial court differ from this Court's summation. For example:

> 3. After the jury was empanelled and sworn, the jury was released and *instructed to return to the court the next day*, March 20th, 2012 at 9 a.m. to begin with the guilt/innocence phase of the jury trial.

> 4.      The parties and their counsel were also *released and instructed to return to court the next day*, March 20th, 2012.

> [emphases supplied]

Thus, both counsel for defendant and the defendant were instructed by the court to be released and to return the next day. There was no voluntary absence from the court by either the defendant or his counsel who then returned to his office in San Antonio, a city more than 50 miles distant from the court.

Voluntary absence under Art. 33.03, Tex. Code Crim. Proc. has been construed recently to mean:

> It is true that the Code provides that, if a defendant's absence from the trial was voluntary, Article 33.03 permits the trial to continue until its conclusion in the defendant's absence.

4

Ordinarily, this provision applies when a defendant jumps bail and absconds...

*Brown v. State*, PD-1723-12, slip opinion at page 13 (Tex.Cr.App. 3-19-2014)  In contrast, this Court cites *Seghelmeble v. State*, 390 S.W.3d 576, 581 (Tex. App.—Dallas 2012, no pet.):

> The only overlap between appellant's motion for continuance and his argument on appeal is his reliance on his alleged incompetency to stand trial. But *a jury refused to find him incompetent only a few days before* trial, and appellant offered no evidence of a change of circumstances to justify a delay for a second inquiry into his competency. To justify a postponement of the trial for another competency hearing, *appellant needed to offer new evidence* of a change in his mental condition after the prior competency hearing. (emphases supplied)

Unlike the defendant in *Seghelmeble v. State,* Stanley was told by the court to leave and return the next day. That was the last and most recent order of the trial court to Stanley.  By contrast to the holding in *Seghelmeble v. State,* the Court of Criminal Appeals in *Brown v. State* held that

> ...some evidence about appellant's competence immediately after his gunshot wound was introduced at a hearing on that issue. During that hearing, the trial court decided this case on the basis of the voluntariness of appellant's absence. "Some evidence" is a low bar; it requires a showing of only a quantity more than none or a scintilla.

*Brown v. State*, PD-1723-12, slip opinion at page 14 (Tex. Cr. App. 3-19-2014).  Thereafter, the Court of Criminal Appeals remanded the case for a

5

retroactive determination of competency. Therefore, by comparison of the trial court's findings of fact in Stanley's case with the facts found in *Brown v. State, supra,* there was certainly more than a scintilla of evidence that Stanley did not make himself voluntarily absent from the trial. In addition, the events occurring at the time of the mistrial order herein occurred outside the presence of both the defendant and his counsel.

Furthermore, any defendant in a criminal case has a right to be present "...in the courtroom at *every stage* of his trial." *Illinois v. Allen,* 397 U.S. 337, 338, *supra* (emphasis supplied). Article 33.03 *and* the Court of Criminal Appeals' determination in *Brown v. State,* PD-1723-12, *supra,* slip opinion at page 13, make the point clearly that since Stanley did not jump bond or abscond and since he was instructed by the trial court to be released, he did not voluntarily absent himself from the trial. While this Court appears to confine the effect of Art. 33.03 within only "the statutory right to the constitutionally-based rights to confront witnesses against him." [slip opinion, note 1] the Supreme Court in *Illinois v. Allen, supra,* and the Court of Criminal Appeals in *Brown v. State, supra,* both appear to take a broader view of the defendant's right to presence in his trial. Thus, a question arises herein whether Art. 33.03 as this Court interprets it is limited in its scope, a novel proposition in this State's jurisprudence.

On the issue of procedural waiver of the point for failure to adhere to this novel proposition in the trial court and on appeal, Stanley points to the record in the case:

> Now under Article 33.03 of the Code of Criminal Procedure the Defendant must be personally present at trial in a misdemeanor for all cases. And the jury in this case was selected, it was impaneled and sworn, and under the case law, jeopardy attaches at that point. Now in terms of a Mistrial Motion, that is part of the trial, and the Defendant in this

case -- there wasn't one apparently. And the Defendant in this case did not consult with anybody, didn't know anything about five versus six jurors, and he didn't authorize a mistrial. He wasn't present to talk about a mistrial. And I think the record is clear that there wasn't a motion in court for a mistrial. However, regardless of whether there was such a motion, there is no record of my client being informed about it, nor was he in the courtroom. And the absence of the record is -- is demonstrated by this court reporter's affidavit.

The State decided not to go forward with any evidence, so they can't show that there was a hearing and -- cannot show that there was a hearing. And I believe the record stands that by a preponderance of the evidence, or more, that there was no hearing. And regardless of whether or not there was a hearing, my client did not participate in a decision of whether or not to move for a mistrial.

Now Article 33.03 applies to DWI cases. And the case here is Warren vs. State, 532, 2d, 588, Texas Court of Criminal Appeals 1976. So in a misdemeanor DWI case, Article 33.03 applies.

RR. vol. 6 of 6, pp. 9-10

Clearly, in the trial court counsel argued that Stanley had a right to be present at the mistrial under Art. 33.03, aside from the issue of confrontation and cross examination of witnesses. The point of error recites:

WHETHER THE TRIAL COURT ERRED IN DECLARING A MISTRIAL WITHOUT THE DEFENDANT OR HIS COUNSEL PRESENT.

This point is a simple statement of what was argued in the court and on appeal, and Stanley argues that he did not procedurally default by failing to tie his objection in court and on appeal to the right to confront and cross examine witnesses.

## HARM

On the issue of harm, the Court finds that a motion for a mistrial which excludes the defendant *and his counsel* does not "bear[] a substantial relationship to the defendant's opportunity to defend himself," citing *Adanandus v. State*, 866 S.W.2d 210, 219-20 (Tex. Crim. App. 1993) However, in *Adanandus v. State* defense counsel was present at the "in-chambers meeting" [*id*, page 219] which was later found to be a pre-trial hearing within the meaning of Art. 28.01, Tex. Code Crim. Proc. The Court of Criminal Appeals held that Mr. Adanandus' presence at the in-chambers hearing did not bear a reasonably substantial relationship to the opportunity to defend because he was "zealously represented by counsel at the in-chambers meeting," and a record was made of the proceeding. *Adanandus v. State, supra*, pp. 219-220. Nevertheless, the Court held:

The meeting was a "pre-trial proceeding" within the

> meaning of article 28.01 and therefore the trial court erred in conducting the meeting in appellant's absence.

*Adanandus v. State, supra*, p. 219.

Thus, the finding of harmless error was based upon the premise that Mr. Adanandus was represented by counsel at the hearing and a record of that proceeding was made. In this case defense counsel was not present and was in another city 50 miles distant from the courtroom. In fact, this Court's opinion does not cite any authority that holds that neither the defendant *nor his counsel* need be present for a mistrial order being rendered, *sua sponte*, by the court in circumstances where jeopardy has attached to the case.

Entry of an order involving a defendant's fundamental right to be free from jeopardy in a criminal case without counsel or the defendant present is error. *Adanandus v. State*, 866 S.W.2d 210, 219-20 (Tex. Crim. App. 1993) Mr. Stanley had a right to determine whether to go forward with five jurors or wait for the return of the sixth juror. *Ex Parte Garza*. 337 S.W.3d 903, (Tex. Crim. App. 2011), He had the right to the advice of counsel on the question as well. The defense lawyer cannot make the decision about these matters alone, over the telephone from 50 miles away. Additionally *Adanandus v State*, the authority cited in this Court's opinion as holding the error harmless involves: 1) the presence of counsel at the hearing from which the defendant was excluded and 2) the making of a record of the

10

hearing. Neither of those factors are present in this case. Therefore, Appellant argues that this Court's harm analysis is faulty or incomplete. In fact, it was error under Art. 33.03 for the court to enter a mistrial order without counsel or the defendant being present, and it was not harmless. This matter should be reheard by the Court.

**OTHER POINTS OF ERROR**

This Court next addresses Appellant **Stanley's points of error numbers one and three** by holding: "The court did not abuse its discretion by declaring a mistrial without an express finding of manifest necessity, and the new trial setting does not violate the double-jeopardy protections." The question is whether this Court of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States.

This Court cites *Arizona v. Washington*, 434 U.S. 497, 505 (1978) for the proposition that Stanley's right to be free from double jeopardy may be "subordinate to the pubic interest in affording the prosecution one full and fair opportunity to present evidence to an impartial jury." The court also refers to the same quoted language in *Pierson v. State*, 426 S.W.3d 763, 770 (Tex. Crim. App. 2014). However, both of those

11

cases apply this standard in trials which had been halted during the presentation of evidence where a mistrial was moved for and granted over the defendant's objection. It is clear in this case that Stanley's counsel had no opportunity to object.

The entirety of this Court's quoted language in context is:

> Because of the variety of circumstances that may make it necessary to discharge a jury before a trial is concluded, and because those circumstances do not invariably create unfairness to the accused, his valued right to have the trial concluded by a particular tribunal is sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury. Yet in view of the importance of the right, and the fact that it is frustrated by any mistrial, the prosecutor must shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar. His burden is a heavy one. The prosecutor must demonstrate "manifest necessity" for any mistrial declared over the objection of the defendant.

*Arizona v. Washington*, 434 U.S. at 505, *supra*. This fact situation does not exist in Stanley's case. There is no presence of counsel either for the State or for the defense herein. There was no record made contemporaneously of any proceeding. There was no motion for a mistrial. The defendant was not present, and he did not consent to a mistrial because he was not consulted. Stanley's is a completely different fact situation than those which occur in *Pierson v. State*, and *Arizona v. Washington*. This Court's holding is in conflict with the law set out in these cases which do not apply to Stanley's

set of facts. Therefore, this Court has rendered a decision in conflict with the Court of Criminal Appeals and the Supreme Court.

This Court also cites *Ex parte Garza*, 337 S.W.3d 903, 909 (Tex.Crim.App. 2011) for the proposition that "[t]rial courts have the discretion to declare a mistrial based on manifest necessity in extraordinary circumstances." [slip op. p. 5] In that case the Court of Criminal Appeals was presented with a fact situation very similar to this case. The Court there found:

> [The trial court's] discretion is abused, we have said, whenever the trial court declares a mistrial without *first considering the availability of less drastic alternatives and reasonably ruling them out*...a mistrial-that is to say, manifest necessity for the mistrial exists-when the particular circumstances giving rise to the declaration render it *impossible* to arrive at a fair verdict before the initial tribunal, when it is simply *impossible* to continue with trial...(emphases supplied)

*Id.*, page 909. In this case the trial court failed to make these emphasized findings. There is no record either in the court's order or otherwise that these findings were made. On its face the court's order demonstrates an abuse of discretion under this standard unless it is supported by some other record. Everything else concerning the matter is *post hoc*, and therefore, not considered by the trial court. In fact, during the habeas hearing the trial court did not make findings considering his ruling.

This Court then goes on to discuss what the trial court *could have*

13

*considered* under *Ex Parte Garza, supra,* and *Ballew v. Georgia,* 435 U.S. 223, 245 (1978) should it have chosen to do so. However, there is no evidence in the record that the trial court did.

```
mistrial.  Because I didn't even know about it until he
called.  So I would like the record to reflect that I did not
move for a mistrial.
          THE COURT:  I don't remember it either.
          And I saw where I signed it on the 20th, which
would be that Tuesday morning.
          MR. SCHARMEN:  Right.
          THE COURT:  And so I don't know -- I don't know
how we got to that point.  I just know that we can't go
forward with five.
```

RR, vol. 5 of 6, p. 4

As this Court finds, the trial court erroneously thought that he could not proceed with fewer than six jurors. This statement from the trial court is the only information which informs the record. Otherwise, he did not "know how we got to that point." The opinion of this Court seems to give significance to the fact that at a later hearing there was an off record

14

telephone conversation between a prosecutor and defense counsel that counsel would not proceed with six jurors. However, that information was not communicated to the trial court, and the record does not disclose it. At this point it is clear that Appellant Stanley should have had some involvement in the decision as to whether to go forward either with five jurors or with a new panel.

> Certainly there was no manifest necessity in this case for the trial court to declare a mistrial without at least exploring the option to wait a week, possibly then to conduct the trial with only five jurors. So long as the *appellant* may waive his constitutional right to a six-member jury, it cannot be said that it was impossible to arrive at a fair verdict, impossible as a practical matter to continue with the trial, or that reversal on appeal would automatically ensue.

*Ex parte Garza*, 337 S.W.3d 903, 911 (Tex. Crim. App. 2011) There is no evidence that Appellant Stanley waived his rights in this situation or asserted his rights in any way because there was no hearing, and nothing was communicated about it to the trial court. The testimony from the habeas hearing is:

```
Q.    All right.  After that did you ever attend a Motion
```

15

```
for Mistrial?

     A.     No, sir.

     Q.     Did you ever discuss with the Court or with counsel
whether or not you wished to move for mistrial?

     A.     No, sir.

     Q.     Did you ever receive advice concerning -- from the
Court or from counsel whether or not you can proceed in a jury
trial with fewer than six jurors?

     A.     No, sir.

     Q.     Did you move for mistrial?

     A.     No, sir.

     Q.     Did you authorize me to move for a mistrial?

     A.     No, sir.
```

RR vol. 6 of 6, pp. 5-6. Thus, there is no evidence in the record that counsel was in contact with Stanley prior to the trial court's action or that Stanley's interest in the matter was communicated to the trial court.

Thus, this court's finding that "the trial court did not act irrationally or irresponsibly when it concluded that continuing with the trial was impossible" is not supported by the record and contravenes the record, the trial court's statement of knowledge and the content of the order for mistrial. As the Court of Criminal Appeals held in *Ex parte Garza*:

> We think the Supreme Judicial Court of Massachusetts properly assigned the burden to the State rather than (as the State seems to advocate) the accused when it recently observed:
>
> [T]he question is not whether [the accused] executed

a valid waiver, but whether there was a "manifest necessity" for declaring a mistrial. Such a necessity would have presented itself if [the accused] had declined to execute a waiver, but the record is clear that neither the judge nor counsel was aware of or even considered the option. Rather, the judge quickly concluded, without taking time to check the law, or offering counsel the opportunity to research the issue and report back, that there were no alternatives to a mistrial.

*See also Torres v. State*, **614 S.W.2d 436**, 442 (Tex.Crim.App. 1981) (in exercising discretion whether to declare mistrial, trial court "must give adequate consideration to the *defendant's* double jeopardy right") (emphasis supplied). Appellant Stanley suggests that this Court has rendered an opinion in conflict with the applicable decisions of the Court of Criminal Appeals and with those of the United States Supreme Court.

WHEREFORE Appellant Stanley prays that the Court will rehear this matter.

Respectfully submitted,

GEORGE SCHARMEN
315 Dwyer
San Antonio, Texas 78204
Telephone: 210-226-8021
Facsimile: 210-224-5722
State Bar No. 17727500
ATTORNEY FOR APPELLANT

17

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been mailed to the Office of the District Attorney of Hays County, Texas this the ___ day of September, 2015.

**CERTIFICATE OF COMPLIANCE**

Undersigned counsel hereby certifies that using Microsoft Word a computer-generated brief in this cause was produced containing 3311 words including a footnote and this certificate. The font is Times New Roman at 14-point type. The footnote is 12-point type.

GEORGE SCHARMEN